UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                                  Civil No. 20-cv-449-JL

Town of Wolfeboro, et al.


**REPORT AND RECOMMENDATION**

Josephine Amatucci, who is proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1, #4767) and complaint addenda (Doc. Nos. 4, 6, 10, 13, 16)[1] against the Town of Wolfeboro ("Town"), Wolfeboro Police Department ("WPD") Chief Dean Rondeau, WPD Prosecutor Timothy Morgan, Belknap County Sheriff's Department ("BCSD") Sgt. William Wright, BCSD Prosecutor Judy Estes, and Town Employees Steve Champaign and Robert Maloney.  The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  Also before the court for consideration, and a

---

[1]Plaintiff has identified the documents which the court has construed as addenda to the complaint as follows: "Plaintiff's Recommendation to Magistrate Judge" (#5011), "Supplement for Files/Found Not Guilty" (#5101), "A Summary of Complaint" (Doc. No. 10), "Motion to Amend/Motion to Add New Defendant" (Doc. No. 16) (#5363), "Supplemental Evidence of Fraud On/Upon the Court" (#5397).  The complaint addenda, and the attachments to the complaint and complaint addenda, are treated as part of the complaint in this matter for all purposes.

recommendation as to disposition, is Mrs. Amatucci's motion seeking in forma pauperis status (Doc. No. 12).

## **Standard of Review**

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In considering whether a pro se complaint states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## **Background**

In August 2018, Mrs. Amatucci was involved in an incident at the Town dump in which she was accused and criminally charged with pushing Town dump employee Robert Maloney. Mrs. Amatucci

2

alleges that WPD Chief Rondeau asked the BCSD to investigate the incident, and that BCSD Sgt. Wright investigated the matter.

Mrs. Amatucci was subsequently charged with assault, and that charge was prosecuted by BCSD Prosecutor Judy Estes. See State v. Amatucci, No. 464-2018-CR-01490 (N.H. Cir. Ct., 3d Cir., Dist. Div. – Ossipee ("Ossipee District Court")) ("Amatucci Crim. Case"). The trial on the assault charge was held in November 2019, and she was found guilty.[2] See id. Mrs. Amatucci has since challenged her conviction without success.

In this complaint, Mrs. Amatucci alleges that the defendants here conspired to subject her to false arrest and malicious prosecution in violation of the Fourteenth Amendment. She further alleges that the defendants conspired to cause her to be arrested without probable cause in violation of the Fourth Amendment. Finally, she alleges that because the prosecutor, prior to trial, nol prossed the original simple assault charge against her, which had charged her with causing bodily injury to Mr. Maloney, and substituted it with a complaint charging her with simple assault by causing unprivileged physical contact to

---

[2]Mrs. Amatucci argues here that she was not found guilty because she was only sentenced to anger management counseling. She is mistaken. The Ossipee District Court found her guilty on November 21, 2019. See Amatucci Crim. Case. The court imposed a fine that was suspended on her good behavior and she was also required to attend anger management counseling. Id.

Mr. Maloney, that she was subjected to double jeopardy in violation of her Fifth and Fourteenth Amendment rights.[3]

Mrs. Amatucci previously brought an action in this court asserting claims, including claims raised again in this case, against some of the same defendants sued here, as well as related defendants, based on the same August 2018 dump incident and November 2018 prosecution which underlie her claims here. See Amatucci v. Town of Wolfeboro, 19-cv-531-JD (D.N.H.). That case has been dismissed on preliminary review for failure to state a cause of action on which relief may be granted. See id. (Mar. 2, 2020).[4] Mrs. Amatucci did not file an appeal in that matter. In this case, Mrs. Amatucci again challenges her arrest

---

[3] Mrs. Amatucci misunderstands what is required to state a double jeopardy claim alleging that she has been prosecuted twice for the same offense. Because the first complaint against Mrs. Amatucci was nol prossed prior to the Ossipee District Court hearing any evidence in her criminal trial, she was never placed in jeopardy of being convicted on the first complaint. See United States v. Santiago-Colón, 917 F.3d 43, 55 (1st Cir. 2019) ("'jeopardy 'attaches' when a trial commences; that is, . . . in a bench trial, when the judge begins to hear evidence.'" (citations omitted)). Thus, Mrs. Amatucci's conviction on the second complaint does not violate her double jeopardy rights.

[4] Mrs. Amatucci has also brought suit against the judge who presided in the Ossipee District Court criminal case against her concerning the dump incident. See Amatucci v. Greenhalgh, 21-cv-238-JL (D.N.H.).

and prosecution on the assault charge, alleging violations of her Fourth, Fifth, and Fourteenth Amendment rights.

## Discussion

"Under the federal law of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Hatch v. Trail King Indus., 699 F.3d 38, 45 (1st Cir. 2012).  "Claim preclusion applies if (1) the earlier suit resulted in a judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."  Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).  A dismissal for failure to state a claim on which relief may be granted is a judgment on the merits for purposes of res judicata.  See, e.g., Lee v. BAC Home Loans Servicing, LP, No. 20-CV-10434-DJC, 2021 U.S. Dist. LEXIS 43098, at *1-*2, 2021 WL 847990, at *1 (D. Mass. Mar. 5, 2021); Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001).

In the prior suit, Mrs. Amatucci sued the Town, Prosecutor Morgan, Chief Rondeau; Sgt. Wright, and the BCSD.  See Amatucci, 19-cv-531-JD, ECF No. 7, at *2.  She alleged four claims in that

complaint. "In claim one, she alleges 'an unlawful seizure, a violation of the Fourth Amendment' and that the defendants had a 'secret and evil plan . . . to do something unlawful and harmful, to an 80 year old elderly person.'" Id. at *3. "In claim two, she alleges an unlawful seizure and false charges with an improper purpose, naming Morgan and Rondeau. Claim three is 'unlawful conspiracy,' and claim four seeks "Damages as appropriate." Id. All of her claims were dismissed for failure to state a cognizable cause of action. Id. at *5. Judgment was entered against her on March 3, 2020.

She raises the same or similar claims in this case. The parties are the same or related to the parties in the prior suit. To the extent she raises any new theory or claim, all of her claims arise from the same incidents that were the subject of the prior suit, and could have been brought in that suit. As final judgment on the merits has been entered against her in the previous suit, her claims here are barred by res judicata.

### Motion for In Forma Pauperis Status

Mrs. Amatucci has filed a motion for in forma pauperis status (Doc. No. 12). Mrs. Amatucci has already been granted in forma pauperis status in this case. See Apr. 30, 2020 Order.

6

Accordingly, the district judge should deny the motion for in forma pauperis status as moot.

## Conclusion

For the foregoing reasons, the district judge should dismiss Mrs. Amatucci's complaint (Doc. Nos. 1, 4, 6, 10, 13, 16) as barred by res judicata, and deny her motion for in forma pauperis status (Doc. No. 12).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 2, 2021

cc: Josephine Amatucci, pro se.